IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

BILLY WAYNE MILLER,

    Plaintiff,

v.                              No. 10-1314

DRUG ENFORCEMENT ADMINISTRATION,

    Defendant.

_____

ORDER DENYING DEFENDANT'S MOTION TO DISMISS OR,
IN THE ALTERNATIVE, FOR CHANGE OF VENUE
_____

*INTRODUCTION AND BACKGROUND*

This case arises out of an administrative forfeiture of currency in the amount of $182,052.00 by the Drug Enforcement Administration ("DEA") after the currency was initially seized by the Oceanside, California Police Department ("OPD") from an individual identified as Bethany April Thompson on April 25, 2007. (Decl. of John Hieronymus ¶ 4(a), Docket Entry ("D.E.") 11-1.) In his motion to set aside forfeiture in this case, the Plaintiff, Billy Wayne Miller, claims he is entitled to the innocent owner defense under 18 U.S.C. § 983. (Mot. to Set Aside Forfeiture at 6-8, 9-11, D.E. 1.) Before the Court is the Defendant's motion to dismiss this proceeding for improper venue pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure or, in the alternative, for change of venue to the United States District Court for the Southern District of California as permitted under 28 U.S.C. § 1406(a).[1] (Def. DEA's Mot. to Dismiss or, in the Alternative, for Change of Venue at

---

[1] In his response, the Plaintiff argues against a transfer to the District of Columbia even though the Defendant has made no such request. On the other hand, the response makes no mention whatever of the Southern District of California.

1, D.E. No. 11.)

Plaintiff brought a previous action to set aside forfeiture in this Court on the same set of facts against both the OPD and DEA in December 2008.  *See* Miller v. Oceanside Police Dep't, et al., No. 08-1304 (W.D. Tenn.).  In that case, the Court held that venue in this district was improper and transferred the matter to the Southern District of California.  Miller v. Oceanside Police Dep't, No. 08-1304, 2009 WL 3327217, at *2-3 (W.D. Tenn. Oct. 9, 2009).  Once in the Southern District of California, Plaintiff voluntarily had the motion set aside as to the DEA pursuant to Fed. R. Civ. P. 41(a)(1). (Order Granting Mot. to Voluntarily Dismiss DEA; Denying Mot. to Dismiss as Moot at 1-2, D.E. 11-3.)  The action against OPD was subsequently dismissed on the merits.  Miller v. Oceanside Police Dep't, No. 09 CV 2265 JM (BLM), 2009 WL 4884225, at *2 (S.D. Cal. Dec. 10, 2009).  The instant action was commenced in December 2010 against only the DEA.

*ASSERTIONS OF THE PARTIES AND ANALYSIS*

Because § 983 contains no venue provision, 28 U.S.C. § 1391, the general venue statute, applies here.  *See* Wada v. United States Secret Serv., 525 F. Supp. 2d 1, 9-10 (D.D.C. 2007). Section 1391(e) provides in pertinent part that

> [a] civil action in which a defendant is an officer or employee of the United States or any agency thereof acting in his official capacity or under color of legal authority, or an agency of the United States, or the United States, may, except as otherwise provided by law, be brought in any judicial district in which (1) a defendant in the action resides, (2) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) the plaintiff resides if no real property is involved in the action.

28 U.S.C. § 1391(e). The Plaintiff bears the burden of demonstrating that venue is proper. E.E.O.C. v. FPM Group Ltd., 657 F. Supp. 2d 957, 963 (E.D. Tenn. 2009).  In reviewing Defendant's Rule 12(b)(3) motion, the court "may examine facts outside the complaint, but must draw all reasonable

inferences and resolve factual conflicts in favor of the plaintiff." Id.

Since it is dispositive, this Court will only address § 1391(e)(3) to resolve Defendant's improper venue argument. No real property, only currency, is the subject of this action. Therefore, venue is proper in a district where the plaintiff resides according to § 1391(e)(3). In light of the facts and the liberal standard requiring reasonable inferences in favor of Miller, this Court must draw the inference that Plaintiff resides in the Western District of Tennessee.[2] It has been established that Plaintiff owns a business in Jackson, Tennessee, which is in the Western District, and he appears present in the day-to-day practice of holistic medicine at this business rather than merely being a far-away investor. (Mot. to Set Aside Forfeiture at 6-8, D.E. 1.) Given that Jackson is not particularly close to any of the Western District's boundaries, it is reasonable to infer that Plaintiff is not commuting into Jackson from outside the District on such a regular basis. Miller has retained counsel in Jackson and had his affidavit notarized in Madison County, further suggesting that he resides in the Western District. Plaintiff also argues that "all parties involved in this lawsuit at this time are located within this District."[3] (Pl.'s Resp. to Def.'s Mot. to Dismiss or, in the Alternative, for Change of Venue at 1, D.E. 12.) Adding further weight to the inference that Plaintiff resides in the Western District, Defendant has not yet made an issue of Plaintiff's residence despite its obvious

---

[2]    Plaintiff has failed to establish or even affirmatively allege in his recitation of facts that he resides in the Western District of Tennessee. This is somewhat puzzling considering that, in his prior action to set aside forfeiture, the Court pointed out his "[i]ncredibl[e]" omission of such a fundamental element of venue under § 1931(e). Miller, 2009 WL 3327217, at *2 n.1.

[3]    While this supports the inference of residence when combined with other factors, this is not the same as actually asserting residence. That is, asserting that one is "located in" a place is much more akin to maintaining that he "may be found " in the District than it is to stating that he "resides" therein. The distinction is far from trivial. See, e.g., Superior Oil Co. v. Andrus, 656 F.2d 33, 41 (3d Cir. 1981) (noting distinction between "resides" and "may be found" as applied to § 1391(e) cases).

materiality both from the plain language of § 1391 and this Court's previous opinion. In this regard, the DEA is allegedly aware of his address and presumably would have brought it to the attention of this Court for present purposes were it favorable to its position. (*See* Mot. to Set Aside Forfeiture at 8, D.E. 1.) Viewing the totality of the circumstances and making all reasonable inferences in favor of the Plaintiff, this Court must conclude, at least for present purposes, that he resides in the Western District at this point in the proceeding. As a consequence, venue is proper pursuant to § 1391(e)(3) since no real property is involved.

Defendant submits, however, that such a conclusion is barred by the doctrine of collateral estoppel due to the Court's prior finding that venue was improper in Miller's last action on these facts. This argument is unpersuasive. The doctrine of collateral estoppel, or issue preclusion, applies when the following conditions are met:

> (1) the precise issue raised in the present case must have been raised and actually litigated in the prior proceeding; (2) determination of the issue must have been necessary to the outcome of the prior proceeding; (3) the prior proceeding must have resulted in a final judgment on the merits; and (4) the party against whom estoppel is sought must have had a full and fair opportunity to litigate the issue in the prior proceeding.

Schreiber v. Philips Display Components Co., 580 F.3d 355, 367 (6th Cir. 2009) (internal citations omitted), *reh'g & reh'g en banc denied* (Nov. 25, 2009). The first requirement is not satisfied in the instant case. The issue previously before this Court was whether venue was properly in the Western District in an action by Miller against *both* OPD and the DEA. The present issue, on the other hand, is whether venue is appropriate in the Western District for an action by Miller against *only* the DEA. The omission of OPD as a defendant makes this a completely distinct issue given the requirement that, in cases involving multiple defendants, "venue must be proper with respect to *all* defendants." *See* Overland, Inc. v. Taylor, 79 F. Supp. 2d 809, 811 (E.D. Mich. 2000). Because

4

absence of this element is dispositive, the remaining requirements need not be analyzed. The Court's prior decision holding venue improper was based solely on the presence of OPD as a defendant and, thus, collateral estoppel does not prevent a finding that venue is proper in Plaintiff's present action.[4]

As previously noted herein, DEA requests in the alternative that this matter be transferred to the Southern District of California under 28 U.S.C. § 1406(a). The statute provides that "[t]he district court of a district in which is filed a case laying venue in the *wrong division or district* shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a) (emphasis added). Since venue is not improper in this District, the Court need not consider whether transfer or dismissal would be the appropriate action under § 1406(a).[5]

## *CONCLUSION*

For the reasons articulated herein, the Defendant's motion is DENIED in its entirety.

IT IS SO ORDERED this 10th day of June 2011.

                                       s/ J. DANIEL BREEN
                                       UNITED STATES DISTRICT JUDGE

---

[4] In fact, this Court noted in the prior order that "subsection (e) permits the instant suit against the DEA assuming Miller resides in this judicial district." Miller, 2009 WL 3327217, at *2.

[5] Defendant has made no request for a permissive transfer pursuant to 28 U.S.C. § 1404(a) and, therefore, the Court need not consider whether the Southern District of California would be a more convenient forum.